IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Burton A. STRNAD, Attorney at Law.†

Supreme Court

*No. 90–1704–D. Submitted on briefs October 8, 1992.—Decided
November 12, 1992.*

(Also reported in 491 N.W.2d 479.)

For Burton A. Strnad there were briefs by *David J. Cannon* and *Michael, Best & Friedrich*, Milwaukee.

For the Board of Attorneys Professional Responsibility there was a brief by *Francis J. Slattery* and *Hughes, Mathewson, Carns & Slattery*, Oshkosh.

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

This is an appeal by Attorney Burton A. Strnad from the referee's findings of fact and conclusion that he

---

†Motion for reconsideration granted.

engaged in professional misconduct by taking client funds from his trust account in partial payment of his fees at a time when the client disputed the amount of fees he claimed and notwithstanding a court order directing that those funds be on deposit in Attorney Strnad's account pending further order of the court. Attorney Strnad also appealed from the referee's recommendation that his license to practice law be suspended for 60 days as discipline for that misconduct. Attorney Strnad argued that his client had disputed only the amount of fees he claimed which exceeded the amount she had paid him and the amount of her funds she took from his trust account and, accordingly, his conduct in the matter warrants, at most, a public reprimand.

We determine that the referee properly concluded from the facts that Attorney Strnad engaged in professional misconduct by taking the client funds from his trust account without an order of the circuit court and while the client disputed the amount of his fees. We further determine that the recommended 60-day license suspension is appropriate discipline to be imposed for that misconduct. By his actions, Attorney Strnad violated his fundamental professional duty to hold client property in trust, as well as his basic obligation to obey orders of the court. In light of the mitigating factors considered by the referee, his misconduct warrants the minimum license suspension of 60 days.

Attorney Strnad was admitted to practice law in Wisconsin in 1954 and practices in Milwaukee. He has not previously been the subject of an attorney disciplinary proceeding. The referee is the Honorable John A. Fiorenza, reserve judge.

Upon the testimony and documentary evidence presented at the disciplinary hearing, the referee made the following findings of fact. Toward the conclusion of

Attorney Strnad's representation of a client in a complicated and protracted divorce action and following remand of the action to the trial court, the presiding judge ordered that $30,000 of funds to which the client originally had been determined entitled be deposited in an interest bearing account of Attorney Strnad's pending further order of the court. Attorney Strnad deposited those funds in his trust account and after the divorce action was settled by stipulation seven months later, withdrew $24,000 of those funds and applied it to his fees in the matter. One month later, he withdrew the remaining $6,000 and applied it to his fees.

Prior to withdrawing those funds from his trust account, Attorney Strnad had received a $30,000 partial payment of his fee but unsuccessfully attempted on numerous occasions to obtain his client's agreement to his fees for her representation. The client had objected several times to the fees as excessive, albeit without specification.

When he withdrew those funds, Attorney Strnad had not obtained either court approval or his client's consent. Soon thereafter, he brought a motion to have the trial court determine the fee issue. Before a hearing on the motion could be held, he and the client resolved the fee dispute, as well as any claim the client had against him for his representation. Pursuant to that resolution, Attorney Strnad paid the client $15,000.

The referee concluded that Attorney Strnad's withdrawal of the $30,000 of client funds from his trust account and application of it toward his attorney fees violated former SCR 20.50(1)(b),[1] which permitted a

---

[1]Former SCR 20.50 provides:

**Preserving identity of funds and property of a client.**

(1) All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more

383

lawyer to withdraw a portion of client funds held in trust when those funds are due to the lawyer "unless the right of the lawyer . . . to receive it is disputed by the client, in which event the disputed portion may not be withdrawn until the dispute is finally resolved." As discipline for that misconduct, the referee recommended that Attorney Strnad's license to practice law be suspended for 60 days.

In making that recommendation, the referee noted that Attorney Strnad was very diligent in representing his client in the divorce matter and obtained a good result for her. The referee also observed that Attorney Strnad has practiced law for 38 years and this is the first time he has been the subject of an attorney disciplinary proceeding. Moreover, the referee noted, he attempted to bring the fee matter to the attention of the court in which the divorce was pending by bringing an order to show cause for approval of his disbursement of client funds after he had made the withdrawals and applied them to his fee. The referee also acknowledged that there was no question that, had the fee dispute been arbitrated prior to the withdrawal of clients funds, Attorney Strnad would have been entitled to at least the amount he withdrew. We note, however, that the latter observation is contradicted by the evidence that all claims between

---

identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm may be deposited in such an account except as follows:

. . .

(b) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited in the account, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion may not be withdrawn until the dispute is finally resolved.

The corresponding current rule is SCR 20:1.15(d).

Attorney Strnad and his client were settled by Attorney Strnad's paying her $15,000; consequently, the total amount Attorney Strnad ultimately collected from the client was $45,000.

The referee did not accept Attorney Strnad's contention that his client did not dispute his entitlement to at least $60,000 for representing her and, therefore, he was entitled to the $30,000 held in his trust account once the circuit court awarded those funds to the client. There is nothing in the record to support that contention; indeed, the client testified to the contrary and in correspondence he wrote to her after his withdrawal of her funds, Attorney Strnad referred to the $30,000 ordered to be held in trust but did not mention either of his two withdrawals of those funds.

Attorney Strnad's contention is contradicted further by the circuit court's judgment of divorce in which the court explicitly retained jurisdiction "to approve, fix and set fees, and attorney lien of Burton A. Strnad as to [his client]." Moreover, in the affidavit filed in support of the motion he filed after he withdrew the client's funds asking the court to determine the fees to which he was entitled and to direct those fees to be paid from the $30,000 the court awarded his client in the divorce judgment, Attorney Strnad acknowledged that the divorce judgment provided that the court retained jurisdiction over his attorney fees in the event he and his client could not agree upon them and stated that he and his client "cannot agree upon fees." In addition to that admission, it is significant that Attorney Strnad made no mention to the court of his withdrawal of the funds from his trust account without order of the court, even though he was asking the court to order payment of his fee with those funds.

We adopt the referee's findings of fact concerning Attorney Strnad's conduct in this matter, as they meet the "not clearly erroneous" standard. We also adopt the referee's conclusion concerning the violation of the disciplinary rule, as it is supported by the facts.

On the issue of discipline to be imposed for that misconduct, we determine that the recommended 60-day license suspension is appropriate. A lawyer's application of client funds held in trust to the lawyer's fee, absent a clear entitlement to those funds, is serious misconduct, even if it does not rise to the level of conversion of client funds held in trust. Attorney Strnad's action to bring the fee issue before the court soon after he had withdrawn the client's funds mitigates the seriousness of the withdrawals he made without his client's agreement on the amount of his fees and contrary to the order of the court. The seriousness of the misconduct is further mitigated by the fact that Attorney Strnad has practiced law for 38 years without disciplinary incident. In view of those mitigating factors, a minimum period of license suspension is warranted to make clear to Attorney Strnad and to other attorneys their professional obligations in dealing with property of clients, property that lawyers are sworn to protect.

We now address the issue of costs to be assessed in this proceeding. Following the Board of Attorneys Professional Responsibility's (Board) submission of the costs incurred, Attorney Strnad filed an objection to that portion attributed to witness fees of Attorney Strnad's client in the amount of $658. Attorney Strnad contended that the fee was not consistent with the statute applicable to costs and fees in civil actions. We reject that objection. The court's rules applicable to disciplinary proceedings specifically include witness fees and expenses incurred in disciplinary proceedings. SCR

22.01(6m), SCR 22.20(1). In its response to Attorney Strnad's objection, the Board also cited the statute, sec. 885.09, Stats., authorizing a court to order a witness attending a court of record in behalf of the state and who comes from outside the state to be paid a specific reasonable sum for expenses and attendance, in lieu of fees, as authority for payment of the expenses of Attorney Strnad's former client, who resides in Arizona and traveled to Wisconsin to testify at the disciplinary hearing as a necessary witness.

IT IS ORDERED that the license of Burton A. Strnad to practice law in Wisconsin is suspended for 60 days, commencing December 14, 1992.

IT IS FURTHER ORDERED that within 60 days of the date of this order Burton A. Strnad pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Burton A. Strnad to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Burton A. Strnad comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.