## IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Burton A. STRNAD, Attorney at Law.

### Supreme Court

*No. 90–1704–D. Submitted on briefs September 8, 1993.—Decided September 27, 1993.*

(Also reported in — N.W.2d —.)

For Burton A. Strnad there were briefs by *David J. Cannon* and *Michael, Best & Friedrich,* Milwaukee.

For the Board of Attorneys Professional Responsibility there was a brief by *Francis J. Slattery* and *Hughes, Mathewson, Carns & Slattery, Oshkosh.*

PER CURIAM. *ON RECONSIDERATION Opinion modified.*

The court granted reconsideration of its decision, *Disciplinary Proceedings Against Strnad,* 171 Wis. 2d 381, 491 N.W.2d 479 (1992), on motion of Attorney Burton A. Strnad asserting that the court impermissibly relied on a settlement of his fee as evidence that he did not reasonably believe he was entitled to the

amount of client funds he removed from his trust account and applied to his fee and that the court erred in adopting a finding of fact from the report of the referee that his withdrawal of those client funds violated a circuit court order directing him to hold them in an interest-bearing account pending further order of that court. In our order granting reconsideration, we directed the parties to address in their briefs the issue of whether an attorney's taking trust account funds awarded by a court to a client and applying those funds to the attorney's fees while there is a dispute between the attorney and the client as to the fee to which the attorney is entitled violates SCR 20:1.15[1] concerning a

---

[1] The relevant portions of SCR 20:1.15 provide:

**Safekeeping property.**

(a) A lawyer shall hold in trust, separate from the lawyer's own property, property of clients or third persons that is in the lawyer's possession in connection with a representation.

. . .

(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

. . .

(d) When, in the representation, a lawyer is in possession of property in which both the lawyer and another person claim interests, the property shall be treated by the lawyer as trust property until there is an accounting and severance of their interests. If a dispute arises concerning their respective interests, the portion in dispute shall continue to be treated as trust property until the dispute is resolved.

. . .

The prior corresponding rule, SCR 20.50, which was applicable to the conduct here, provided:

**Preserving identity of funds and property of a client.**

lawyer's safekeeping of client property. The court stayed pending reconsideration the 60-day suspension of Attorney Strnad's license it imposed.

We determine, on reconsideration, that Attorney Strnad did not violate an existing circuit court order by applying to his fee funds the circuit court had ordered held in an interest-bearing account pending its determination of ownership of those funds after the court adjudged that the funds belonged to the client. We modify our opinion accordingly.

■

In his report to the court in this proceeding, the referee made findings that on two occasions Attorney Strnad withdrew from his trust account and applied to his fee funds previously ordered by the circuit court to be held in a trust account pending further order and that he did so without a court order allowing or approving such withdrawal. While the context of the referee's report suggests that the references to a court order are to the prior order of the circuit court, it appears equally possible that they refer to an order of the court that, on Attorney Strnad's request, retained jurisdiction to approve, fix and set his fees in the matter. Because it is unclear that the referee found Attorney Strnad to have violated an existing court order, we withdraw from our

---

(1) All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm may be deposited in such an account except as follows:

. . .

(b) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited in the account, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion may not be withdrawn until the dispute is finally resolved.

opinion any language stating or implying that such a violation occurred.

We reject Attorney Strnad's argument that the court impermissibly relied on the settlement of his fee he and his client ultimately reached as evidence that he did not reasonably believe he was entitled to apply to his fee the full amount of the client's funds he took from his trust account. The court's opinion merely refers to the fact of that settlement and observes that it contradicted the referee's statement that Attorney Strnad would have been entitled to at least the amount of the client's funds he withdrew if the fee dispute had been arbitrated prior to his withdrawal of the funds. Neither the referee nor the court made a determination concerning the amount to which Attorney Strnad was entitled as his fee for representing the client.

We next address the issue we directed the parties to address in this reconsideration: whether Attorney Strnad's withdrawal of his client's funds from his trust account as partial payment of his fee while there was a dispute between himself and his client as to that fee violated the court's rules concerning a lawyer's safe-keeping of client property. Attorney Strnad contended that the moment the circuit court awarded the funds he was holding to his client, those funds "belonged" to him, not to the client, as he had a lien on them by virtue of the services he had rendered to the client. He further argued that the judgment awarding the funds to his client terminated the account in which he held those funds and, as a result, SCR 20.50(1)(b) no longer was applicable. Those arguments have no merit, neither does Attorney Strnad's attempt to find ambiguity in the word "belonging" as used in that rule.

The Board correctly asserted that the issue is controlled by *Disciplinary Proceedings Against Marine,* 82

Wis. 2d 602, 264 N.W.2d 285 (1978). There, the court determined that in order for an attorney to unilaterally withdraw from a trust account funds belonging to a client, there must be an agreement between the client and the attorney on three points: the right of the attorney to look to the client for the payment of the attorney's fee, the amount to which the attorney is entitled and the time at which payment will be expected. The court said, "Absent an agreement as to these matters it is difficult to see how any reasonably prudent attorney could assume that part of his client's trust funds could legally be withdrawn, because the requirement that they be withdrawn only in the absence of a dispute clearly assumes that the client has at least been advised as to these matters." *Id.* 610.

The modification of our opinion we make herein does not affect our determination of discipline to be imposed for Attorney Strnad's professional misconduct. Although it appears that at the time he withdrew client funds and applied them to his fee, the existing court order that he hold those funds in trust has become moot, the circuit court, at Attorney Strnad's request, expressly had retained jurisdiction to determine the amount of fee to which he was entitled. Consequently, an order of the trial court was anticipated in order to establish Attorney Strnad's entitlement to any portion of the client funds he held, as well as any amount in excess thereof. Because there was no order from the court determining his fee and because his client had not approved or even knew of his withdrawals of her funds and because he knew the client was disputing his fee, Attorney Strnad violated former SCR 20.50(1)(b).

625

IT IS ORDERED that the language in the opinion filed November 12, 1992 in this proceeding to the effect that Attorney Strnad violated an existing order of the circuit court is withdrawn.

IT IS FURTHER ORDERED that the license suspension ordered by the court on November 12, 1992 shall commence November 1, 1993.

IT IS FURTHER ORDERED that within 60 days of the date of this order Burton A. Strnad pay to the Board of Attorneys Professional Responsibility the costs on reconsideration, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Burton A. Strnad to practice law in Wisconsin shall remain suspended until further order of the court.

GESKE, J., took no part.